IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HENRY WILK, III and
SIGMA FINANCIAL GROUP, LLC                                    PLAINTIFFS

          v.                        Civil No. 10-3024


SAM BARR, INDIVIDUALLY and
as County Judge of Carroll County,
Arkansas and CARROLL COUNTY, ARKANSAS                          DEFENDANTS


O R D E R

Now on this 4th day of August 2010, comes on for consideration Defendants' **MOTION TO DISMISS** and brief in support (documents #10 & #11), and Plaintiff's response (document #12). The Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

1.   This case arises from Plaintiffs' allegation that Defendants violated Arkansas' competitive bidding procedures as set forth in A.C.A. § 14-22-101, *et seq.*

2.   Plaintiffs filed this lawsuit on January 25, 2010, in Carroll County Circuit Court, and filed an Amended Complaint on February 12, 2010.  Plaintiffs filed a Second Amended Complaint on March 5, 2010, in which they asserted a claim under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  On March 17, 2010, Defendants removed the case to this Court under 28. U.S.C. § 1331.

3.    Defendants filed the present motion to dismiss seeking dismissal of Plaintiffs' state and federal claims on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted.

4.    In reviewing a motion to dismiss, the Court must take all well pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *See Katun Corp. v. Clarke,* 484 F.3d 972, 975 (8th Cir. 2007).  Thus, the Court now turns to the factual allegations contained in Plaintiff's Second Amended Complaint, which the Court must accept as true for purposes of this motion.

*    Prior to 2009, Plaintiffs had a contract to provide group insurance coverage for county employees of Carroll County, Arkansas.

*    In the spring/summer of 2009, Sam Barr, the County Judge of Carroll County, solicited sealed bids for new group insurance contracts.

*    Plaintiffs submitted a sealed bid to the County Judge to provide group insurance.

*    Plaintiffs' bid for group health insurance tied with another bid as the lowest bid.  Under A.C.A. § 14-22-111 -- which gives preference to persons located within the county – Plaintiffs were entitled to be awarded the contract because they were located in and doing business in Carroll County, and the other bidder was located in Boone County.

\*      Judge Barr, however, allegedly informed the other bidder of the tied bids and the other bidder was given the opportunity to submit a lower bid and was ultimately awarded the contract.

5.    Plaintiffs assert that the actions of Judge Barr "violated both the agreement between the plaintiffs and the defendants that the bids would be sealed as well as those provisions of Arkansas Law concerning bidding procedures, inter alia A.C.A. § 14-22-101, A.C.A. § 14-22-102, A.C.A. § 14-22-107 et seq. And A.C.A. § 14-22-111 et seq."  (document #9, ¶15). Further, Plaintiffs assert that "[t]he actions and omissions charged to the defendants constitute a breach not only of the aforementioned Arkansas statutes but also the duty of good faith and fair dealing found in every contract as well as the statutory duties not to disclose bids and to award the contract to the low bidder."  (document #9, ¶17).

Plaintiffs further allege that Defendants' actions were "arbitrary, capricious and were committed without good cause, with hate, ill will, favoritism, cronyism and/or malice." (document #9, ¶18).

6.    With respect to Plaintiffs' federal due process claims, Defendants assert that such claims should be dismissed because Plaintiffs did not have a property interest in the state contract for which they provided a bid and, even if they did, Defendants are entitled to qualified immunity for their actions.

7.    Plaintiffs have filed a response to Defendants' motion to dismiss, but did not specifically address Defendants' arguments regarding their federal due process claims.

8.    While the Court believes that Plaintiffs' failure to address this issue amounts to a concession that they have not stated a federal due process claim, the Court will briefly set out the law that informs the Court's ruling in this case:

(a)   "The Due Process Clause of the Fourteenth Amendment provides that '[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law.'"  *DeShaney v. Winnebago County Dept. of Social Servs.,* 489 U.S. 189, 194-95 (1989) (footnote omitted).

(b)   "It is settled law that there can be no property interest in obtaining future government contracts and that the suspension or debarment from bidding on contracts only implicates a liberty interest if it is based upon charges of fraud or dishonesty."  *Leer Elec., Inc. v. Penn.,* 597 F. Supp.2d 470, 479 (M.D. Penn. Jan. 30, 2009) (collecting cases).  "Similarly stated, suspension or debarment from bidding on government contracts may violate a liberty interest if based upon charges of wrongdoing which compromise future employment opportunities." *Id.* (internal quotation marks and citations omitted); *see also Sutton v. United States Dep't of Housing & Urban Dev.,* 885 F.2d 471, 474 (8th Cir. 1989) (citing as instructive those cases which hold that "citizens suspended from doing business with the

government have no constitutionally protected interest in obtaining government contracts" and that a bidder's liberty interest might be at stake only "where the suspension is based on charges of fraud and dishonesty.").

In other words, where "a person's good name, reputation, honor or integrity is at stake because of what the Government is doing to him, notice and opportunity to be heard are essential" and a person's liberty interests are implicated. *Old Dominion Dairy Prods., Inc. Secretary of Defense*, 631 F.2d 953, 963 (D.C. Cir. 1980).

(c)  Here, Plaintiffs have not alleged that Judge Barr or anyone employed by Carroll County suspended or debarred them from bidding on the group insurance contracts and/or charged Plaintiffs with acts of fraud or dishonesty.  Rather, Plaintiffs assert that Judge Barr violated Arkansas law regarding bidding procedures.  While Plaintiffs allege that Judge Barr's decisions were "arbitrary, capricious" and were motivated by "hate, ill will, favoritism, cronyism and/or malice," Plaintiffs have not alleged that Defendants did anything to call into question Plaintiffs' good name, reputation, honor or integrity.  Nor have Plaintiffs alleged that Defendants' actions did anything to compromise Plaintiffs' future employment opportunities. Therefore, the Court finds that Plaintiffs have failed to establish that they had a property or liberty interest at stake

and Defendants' motion to dismiss Plaintiff's federal due process

claims is hereby granted.

9.    Plaintiffs' due process claims are the only claims that

provided the Court with original jurisdiction in this case.   The

Court declines to exercise supplemental jurisdiction over

Plaintiff's remaining state law claims.   *See* 28 U.S.C. § 1367©.

For the foregoing reasons, the Court finds that Defendants'

**MOTION TO DISMISS** (document #10) should be and hereby is **granted**

**in part**.   Plaintiff's federal due process claims are hereby

dismissed with prejudice.   The Court declines to exercise

supplemental jurisdiction over Plaintiff's remaining state law

claims.   This case is hereby remanded to the Carroll County

Circuit Court.

**IT IS SO ORDERED**.

                                            **/s/JIMM LARRY HENDREN**
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**